UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BONITA CAULCRICK,

    Plaintiff,

  v.              20-CV-632-LJV-LGF
                    DECISION & ORDER
REFRESCO NA,

    Defendant.

---

  On May 29, 2020, the plaintiff, Bonita Caulcrick, commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA").  Docket Item 1.  She alleges that her former employer, Refresco Beverages US Inc. ("Refresco"), discriminated against her based on her race and age and retaliated against her for complaining about that discrimination.  *Id.*

  After the case was referred to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 8, Refresco moved for summary judgment, Docket Item 24.  Caulcrick then responded, Docket Item 33, and Refresco replied, Docket Item 34.  On August 8, 2023, Judge Foschio issued a Report and Recommendation ("R&R") finding that Refresco's motion should be granted.  Docket Item 38.

  On October 23, 2023, Caulcrick objected to the R&R, Docket Item 43, and on January 5, 2024, Refresco responded to the objections, Docket Item 47.  Despite receiving an extension of time to reply, Caulcrick failed to do so, and her time to reply now has passed.  *See* Docket Items 48 and 49.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objections and response; and the materials submitted to Judge Foschio. Based on that *de novo* review, the Court accepts and adopts Judge Foschio's recommendation to grant Refresco's motion for summary judgment.

## DISCUSSION

The Court assumes the reader's familiarity with the facts alleged in the complaint, *see* Docket Item 1, and Judge Foschio's recitation of the facts and analysis in the R&R, *see* Docket Item 38.

Caulcrick's objections are easily summarized: She argues that Judge Foschio did not apply the correct standard for a motion for summary judgment and impermissibly shifted the burden of proof to her. Docket Item 43. This Court disagrees.

### I.  SUMMARY JUDGMENT STANDARD

The Court first addresses Caulcrick's argument that Judge Foschio applied the incorrect standard to Refresco's motion. That is not a novel argument: Large portions of Caulcrick's objections are copied verbatim from objections filed by her counsel in another employment discrimination case, *Williams v. D'Youville College*.[1]  *Compare*

---

[1] In fact, at one point in her objections, Caulcrick suggests that she worked at "the college," Docket Item 43 at 12—a correct description of the defendant in *Williams* but not in this case. She also refers to a "chart demonstrating that [p]laintiff's work

Docket Item 43 (arguing that "the R&R does not subject Defendant's assertions of 'undisputed material facts' to the test required by law"), *with Williams v. D'Youville College*, Case No. 20-cv-48, Docket Item 48 (W.D.N.Y. Sept. 20, 2023) (same); *see also* Docket Item 47 at 18 (excerpting portions of Caulcrick's objections "that appear to be inadvertently copied and pasted from another case").

In *Williams*, this Court explained the summary judgment standard:  "[T]he moving party can meet its summary judgment burden by noting the 'absence of evidence' on an 'essential element of the [non-moving] party's case,' and the non-moving party then must proffer admissible evidence creating a genuine issue of fact on that element." *Williams*, 2024 WL 69846, at *4-5 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)).  Despite Caulcrick's assertions to the contrary, *see* Docket Item 43, that standard, which is the one Judge Foschio applied, *see* Docket Item 38 at 12-14, is the correct standard.  And for the reasons that follow, Judge Foschio correctly applied that standard.

## II.   THE *McDONNELL DOUGLAS* TEST

Caulcrick asserts race discrimination and retaliation claims under Title VII and an age discrimination claim under the ADEA.  Docket Item 1 at ¶¶ 40-64.  Those claims are governed by the three-step "burden-shifting framework" set forth by the Supreme Court

---

continued to be performed by younger workers."  *Id.* at 14.  That appears to be a reference to a "chart" in *Williams*.  *See Williams v. D'Youville College*, 2024 WL 69846, at *7 (W.D.N.Y. Jan. 5, 2024).  And she argues that "[the d]efendant's administration wanted 'fresher young eyes' and . . . 'younger faculty,'" Docket Item 43 at 16, again allegations made with respect to the school setting in *Williams* that have no application here.  Counsel is advised that such shoddy work will not be tolerated by this Court, especially when it involves factual allegations that clearly do not apply, and that she risks sanctions if she repeats such errors.

in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128-29 (2d Cir. 2012) (Title VII retaliation and ADEA age discrimination); *Littlejohn v. City of New York*, 795 F.3d 297, 311-12, 315 (2d Cir. 2015) (Title VII racial discrimination and retaliation).

At the first step of the test, "the plaintiff bears the burden of establishing a 'prima facie' case." *Bucalo*, 691 F.3d at 128.  If she does so, the burden shifts to the defendant at the second step to "produc[e] evidence that the adverse employment actions [taken against the plaintiff] were taken for a legitimate, non[-]discriminatory [or non-retaliatory] reason."  *Id.* at 128-29 (citation and internal quotation marks omitted).  If the defendant satisfies that requirement, the burden shifts back to the plaintiff at the third step "to demonstrate that the proffered reason was not the true reason for the employment decision"—in other words, that the proffered reason was pretext for discrimination or retaliation.  *Id.* at 129 (citation omitted).

### A.     Step One: A *Prima Facie* Case

#### 1.     Title VII Race Discrimination

To state a *prima facie* case of race discrimination under Title VII, a plaintiff must show "(1) that she is a member of a protected class; (2) that she was qualified for employment in the position; (3) that she suffered an adverse employment action; and [(4) that she has] some minimal evidence suggesting an inference that the employer acted with discriminatory motivation."  *Littlejohn*, 795 F.3d at 307.

Judge Foschio found that Caulcrick failed to establish a *prima facie* case of race discrimination because she did not show "that the adverse employment actions" to which she was subjected—the diminishment of her responsibilities and her eventual

termination—"occurred under circumstances giving rise to an inference of discrimination." Docket Item 38 at 19. In her objections, Caulcrick suggests that discriminatory intent may be inferred from a crude comment by her supervisor, Jordan Cooper, about her "ethnic food choices." Docket Item 43 at 3 (brackets omitted) (arguing that some comments about "foods that are part of [the] cultural heritage for people of color indicate an absence of understanding . . . of the nuance of the genesis of discriminatory animus").

Nevertheless, as Judge Foschio noted, Caulcrick's own testimony that she was "not subjected to any" comments "indicative of race-based discrimination" undercuts her suggestion that Cooper's comment was motivated by racial animus. *See* Docket Item 38 at 20. In fact, when asked during her deposition to identify evidence of racial discrimination by Refresco or its employees, Caulcrick merely repeated that she was the only Black supervisor at her plant and that she was "let go even after doing a good job." Docket Item 26-1 at 115-16. That is not enough to raise an inference of discrimination. *See Littlejohn*, 795 F.3d at 312-13 ("An inference of discrimination can arise from circumstances including, but not limited to, [1] 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; [2] its invidious comments about others in the employee's protected group; [3] the more favorable treatment of employees not in the protected group; [4] the sequence of events leading to the plaintiff's discharge'[; or 5] . . . when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class." (citations omitted)).

5

And regardless, Caulcrick's implication that Cooper's comment was directed at food that is part of her cultural heritage is misleading: Caulcrick testified that the food in question was likely "from Olive Garden or Red Lobster," two popular American chain restaurants, one specializing in Italian food and the other in generic seafood. Docket Item 26-1 at 48. It seems ridiculous to suggest that criticism of food from those restaurants might be racially motivated or that the food at those chain restaurants holds cultural significance to Caulcrick.

Caulcrick cites no other examples of allegedly racially discriminatory comments or conduct. *See* Docket Item 43. Rather, she merely asserts—without citation—"that there *is* direct evidence of discriminatory intent on the part of this [d]efendant, as alleged in other cases in this district, against this same [d]efendant." *Id.* at 11 (emphasis in original). But as Judge Foschio explained—and as a review of the record confirms—there is no evidence giving rise to an inference of racial discrimination here.

Therefore, even when the facts are viewed in the light most favorable to Caulcrick, Caulcrick has failed to establish a *prima facie* case of race discrimination under Title VII.

### 2. Title VII Retaliation

To establish a *prima facie* case of retaliation under Title VII, "a plaintiff must present evidence that shows (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 315-16 (citation and internal quotation marks omitted).

Judge Foschio found that Caulcrick failed to establish a *prima facie* case of retaliation because she did not show that she engaged in a protected activity. Docket Item 38 at 33-34. More specifically, he noted that Caulcrick's complaints about the alleged "offensive treatment" she suffered were "devoid of any hint that [she] perceived [that] treatment as based on [her] race." *Id.*

Caulcrick vaguely objects that as she "began to complain of discrimination, the retaliation against her increased." Docket Item 43 at 2. But she does not elaborate on the content of her complaints—or identify any facts relevant to her retaliation claim at all—so she has not shown that those complaints were protected activity. *See Belton v. Borg & Ide Imaging, P.C.*, 512 F. Supp. 3d 433, 445 (W.D.N.Y. 2021) (explaining that to qualify as protected activity, complaints to management about discrimination must be "sufficiently specific so that the employer is put on notice that the plaintiff believes she is being discriminated against on the basis of a protected characteristic" (alteration and citation omitted)); *McCullough v. John T. Mather Hosp.*, 2019 WL 1755436, at *8 (E.D.N.Y. Apr. 19, 2019) (noting that "[g]eneralized complaints" about mistreatment are "insufficient" to constitute protected activity under Title VII (citation omitted)). What is more, during her deposition, Caulcrick testified that she never complained about racial discrimination at Refresco. Docket Item 26-1 at 116.

Therefore, even when viewed in the light most favorable to Caulcrick, the facts cannot sustain a *prima facie* case of retaliation under Title VII.

### 3. ADEA Age Discrimination

To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show "(1) that she was within the protected age group, (2) that she was qualified

7

for the position, (3) that she experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of [age] discrimination." *Bucalo*, 691 F.3d at 129.

Judge Foschio found that Caulcrick failed to establish a *prima facie* case of age discrimination because she "has utterly failed to point to any evidence, direct or circumstantial, suggesting [that Refresco] subjected [her] to the adverse employment actions based on [her] age." Docket Item 38 at 36-37. Again, although Caulcrick objects to Judge Foschio's conclusion, she does not point to any facts even suggesting that she was terminated because of her age. *See generally* Docket Item 43. Nor are any such facts apparent from the record.

Caulcrick therefore has failed to establish a *prima facie* case of age discrimination under the ADEA.

### B.     Steps Two and Three: Non-Discriminatory and Non-Retaliatory Explanation

Finally, Judge Foschio found that even if Caulcrick had satisfied step one of the *McDonnell Douglas* test, her claims still would fail because Refresco "has met its burden of establishing legitimate, non-discriminatory [and non-retaliatory] reasons for removing some of [Caulcrick's] job duties and terminating [her] employment," and Caulcrick "offers no evidence that such proffered reasons were mere pretext." Docket Item 38 at 22, 34, 37. Caulcrick objects that the R&R "offers no citation for [the] assertion" that her duties were diminished and she was terminated "because of substandard work." Docket Item 43 at 4, 12 (internal quotation marks omitted). But both the R&R and the record are replete with evidence that Caulcrick's work was, indeed, "substandard."

8

As Judge Foschio explained, Refresco proffered two non-discriminatory and non-retaliatory reasons for the adverse employment actions it took against Caulcrick.  First, it said that Caulcrick's "subordinates complained of [her] management style."  Docket Item 38 at 22-23.  Second, it cited Caulcrick's "failure to ensure compliance with [sanitation procedures] to avoid contamination" of food products, which was Caulcrick's responsibility as Sanitation Supervisor.  *Id.* at 25; *see* Docket Item 26-1 at 29-33.

Refresco provides several examples of Caulcrick's poor management of her subordinates.  *See* Docket Item 26 at ¶¶ 63-86.  Starting in summer 2019, it says, members of the sanitation department began to complain about Caulcrick's "harsh language and cruel demeanor."  *Id.* at ¶¶ 67-69.  Once, Caulcrick "required" an employee to return early from a family vacation "to prove a point to other . . . employees that she was the boss."  *Id.* at ¶ 70.  In September 2019, an employee from another department overheard Caulcrick calling members of the sanitation department "stupid."  *Id.* at ¶¶ 71-73.  One employee who Caulcrick called "stupid" later said that Caulcrick "scream[ed]" at her employees "all the time," sometimes bringing that employee "to tears."  *Id.* at ¶ 74.  Another sanitation employee "called off of work because she [was] so uncomfortable working for" Caulcrick.  *Id.* at ¶ 75.

Caulcrick does not deny that she conducted herself in the manner described by Refresco.  *See generally* Docket Item 33-6.  Rather, she says only that she "has no personal knowledge of [the] allegations" that she behaved in that manner.[2]  *Id.* at ¶¶ 67-

---

[2] On a motion for summary judgment, "conclusory denials" of a moving party's factual assertions unsupported by "any record citations" are insufficient to contest those factual assertions.  *See N.Y. State Teamsters Conf. Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005) (concluding that district court "reasonably deemed [the moving party's] statement of facts to be admitted" because the

9

73. She also points to her performance reviews from 2015, 2016, and 2017, which generally were positive. *See* Docket Item 38 at 24. But Caulcrick's poor treatment of her subordinates apparently started in 2019, and, as Judge Foschio noted, Caulcrick did not submit her 2018 and 2019 performance reviews. *See id.*

Refresco also says that it terminated Caulcrick because of "performance issues." Docket Item 26 at ¶¶ 28-62. As Judge Foschio explained, Docket Item 38 at 25-28, those performance issues included instructing sanitation employees "not to follow" proper sanitation procedures "because [the procedures] took too long," Docket Item 26 at ¶ 32; *see id.* at ¶¶ 35-38, and incorrectly claiming that certain equipment was cleaned more often than it actually was, *id.* at ¶ 35. Caulcrick's apparent aversion to following protocol had consequences: There were "numerous instances of the discovery of contaminants and allergens in the [p]lant" during her tenure as Sanitation Supervisor. *See* Docket Item 38 at 27-28; *see also* Docket Item 26 at ¶¶ 46-57; Docket Item 26-1 at 99 (Caulcrick's testimony that "there was always mold all over the place"). Again, Caulcrick does not deny those facts. *See* Docket Item 33-6 at ¶¶ 28-62.

As Judge Foschio observed, Caulcrick "does not submit anything challenging the plethora of evidence . . . establish[ing] legitimate, non-discriminatory [and non-retaliatory] reasons for terminating [her] employment." Docket Item 38 at 31. She

---

nonmoving party "offered mostly conclusory denials of [the] factual assertions and failed to include any record citations"). Similarly, Caulcrick's vague assertions that she has "no personal knowledge" of the facts put forth by Refresco—which themselves are supported by appropriate cites to the record—cannot create an issue of fact. *See* Loc. R. Civ. P. 56(a)(1) ("Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is *specifically controverted* by a correspondingly numbered paragraph in the opposing statement." (emphasis added)).

10

asserts that there is a material issue of fact as to whether she was terminated for those reasons, but she provides no basis for that assertion and points to nothing that actually creates an issue of fact.  Docket Item 43 at 16-19.  Instead, she simply insists that it is legally impermissible to grant a defendant's motion for summary judgment on the basis that the defendant has established—and the plaintiff has failed to rebut—a legitimate, non-discriminatory and non-retaliatory reason for an adverse employment action.  *Id.* at 16 ("[A] [legitimate, non-discriminatory reason] cannot be the basis for [s]ummary [j]udgment.").  And that clearly is incorrect.  *See, e.g.*, *Weinstock v. Columbia Univ.*, 224 F.3d 33, 43-46 (2d Cir. 2000) (affirming summary judgment because that the defendant "had a legitimate, non-discriminatory reason for denying [the plaintiff] tenure" and the plaintiff failed to show that reason was pretextual); *DeMuth v. U.S. Small Bus. Ass'n*, 819 F. App'x 23, 25-26 (2d Cir. 2020) (summary order) (affirming summary judgment because "defendants presented evidence that [plaintiff's] declining performance was a legitimate, non-discriminatory reason for her termination, . . . and [plaintiff] failed to present any evidence to show that this was a pretext for discrimination or retaliation").

In light of the significant evidence supporting Refresco's contention that it terminated Caulcrick due to poor management of her subordinates and performance issues—and Caulcrick's failure to submit any evidence challenging that contention—no reasonable jury could find that Refresco's explanation was pretext for discrimination and retaliation.  Refresco therefore is entitled to summary judgment on Caulcrick's claims because Caulcrick has failed "to produce evidence sufficient to create an issue of fact." *Williams*, 2024 WL 69846, at *5.

## **CONCLUSION**

For the reasons stated above and in the R&R, Refresco's motion for summary judgment, Docket Item 24, is GRANTED. The Clerk of the Court shall close this case.

SO ORDERED.

Dated: March 29, 2024
         Buffalo, New York

                                                  */s/ Lawrence J. Vilardo*
                                                  LAWRENCE J. VILARDO
                                                  UNITED STATES DISTRICT JUDGE